1
2
3                     UNITED STATES DISTRICT COURT
4                          DISTRICT OF NEVADA
5    CRAIG OTIS GIBSON.,                    Case No. 3:19-cv-00416-MMD-WGC
6                            Plaintiff,              ORDER
7         v.
8    JAMES DZURENDA, *et al.*,
9                            Defendants.

10   **I.   SUMMARY**

11         On August 17, 2020, the Court issued a screening order dismissing Plaintiff Craig

12   Otis Gibson's first amended complaint (ECF No. 12) and closing the case. (ECF No. 17.)[1]

13   This closed matter is now before the Court on Plaintiff's motion to alter or amend the

14   judgment under Rule 59(e) of the Federal Rules of Civil Procedure. (ECF No. 20

15   ("Motion").) Because Plaintiff has not demonstrated he is entitled to the extraordinary

16   remedy of an altered or amended judgment, and as further explained below, the Court

17   will deny the Motion.

18   **II.  BACKGROUND**

19         Plaintiff commenced this action by submitting a civil rights complaint under 42

20   U.S.C. § 1983 with an application to proceed *in forma pauperis*. (ECF No. 1.) Plaintiff also

21   filed motions for a temporary restraining order, preliminary injunction, and to dispense

22   with the requirement of security. (ECF Nos. 3, 4, 6, 7.)

23         On initial screening, the Court dismissed with prejudice all of Plaintiff's claims

24

25         [1]The Court also denied as moot Plaintiff's motions for temporary restraining order
26   (ECF No. 15), motion to dispense with requirement of security (ECF No. 14), and motion
     for preliminary injunction (ECF No. 16). (ECF No. 17 at 7.)
27

28

based on fanciful allegations. (ECF No. 10 at 4.)[2] The Court dismissed the remaining claims without prejudice for failure to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure. (*Id.* at 5.) However, the Court granted Plaintiff leave to amend the non-fanciful claims, warning Plaintiff that he must file an amended complaint within 30 days, and that any amended complaint must comply with the requirements of Rule 8—with failure to do so resulting in dismissal of this action with prejudice. (*Id.*) The Court also provided Plaintiff with the proper legal standards, an approved form for filing a § 1983 complaint, and informed Plaintiff that conclusory, general, and collective allegations would not be sufficient. (*Id.* at 6-12.)

Plaintiff then filed an amended Complaint. (ECF No. 12.) The Court conducted a second screening, and determined the amended complaint failed to follow the Court's previous instructions. (ECF No.17.) Specifically, the Court dismissed the amended complaint due to Plaintiff's repeated fanciful allegations, and continued failure to comply with Rule 8. (*Id.* at 7.) The Court also ordered Plaintiff not to file any additional documents, and closed the case. (*Id.*)

On August 25, 2020, Plaintiff filed his Motion. (ECF No. 20.)

III.   **DISCUSSION**

Although the Motion is entitled a "Motion to Alter or Amend Judgment" it appears Gibson is not only seeking reconsideration of the dismissal, but is also seeking leave to amend his complaint with the assistance of appointed counsel.[3] Both due to its title, and because Plaintiff filed the Motion eight (8) days after entry of judgment on August 17,

---

[2]This includes any allegations that Defendants rigged and contaminated Plaintiff's water pipes to emit saliva and alkaline from batteries bought in the inmate store, threatened to kill him through his food, drugged and hypnotized him to control his mind, and/or instructed other inmates regarding how to hypnotize him. (ECF No. 10 at 11.)

[3]Plaintiff's Motion is entitled a "Motion to Alter or Amend Judgment," but the relief requested within includes amendment of judgment, "leave to amend the complaint with association of more experienced counsel" and a request to "vacate dismissal of the Action." (ECF No. 20 at 5-6.)

1   2020 (ECF Nos. 18, 20),[4] the Court construes the Motion as a motion to alter or amend

2   judgment under Rule 59(e). The Court will deny the Motion.

3       "Since specific grounds for a motion to amend or alter are not listed in [Rule 59(e)],

4   the district court enjoys considerable discretion in granting or denying the

5   motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999). But, as the

6   Ninth Circuit has recognized, "a Rule 59(e) motion is an 'extraordinary remedy, to be used

7   sparingly in the interests of finality and conservation of judicial resources.'" *Wood v. Ryan*,

8   759 F.3d 1117, 1121 (9th Cir. 2014) (citation omitted). Absent highly unusual

9   circumstances, reconsideration under Rule 59(e) is "available only when (1) the court

10  committed manifest errors of law or fact, (2) the court is presented with newly discovered

11  or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is

12  an intervening change in the controlling law." *McDowell,* 197 F.3d at 1255 n. 1 (citation

13  omitted).

14      Turning to the content of the Motion, Gibson asks the Court to amend its second

15  screening order, arguing that his amended complaint was improperly dismissed.

16  Specifically, he argues that his amended complaint complied with Rule 8, as it contained

17  a short and plain statement of the claims showing entitlement to relief. (ECF No. 20 at 2-

18  3.) Plaintiff further argues that his claims are sufficient, not "delusional" or fanciful, and

19  the Court should hold him, a *pro se* plaintiff, to less stringent standards than represented

20  parties. (*Id.)* Finally, Plaintiff disputes the Court's assertion that his amended complaint

21  fails to identify which cause of action is being brought against which defendant. (*Id.* at 3-

22  4.)

23      The Court finds that nothing Plaintiff presents in his Motion offers the Court a way

24  to provide Plaintiff Rule 59(e) relief because the Court's dismissal order is not clearly

25

26      [4]Rule 59(e) of the Federal Rules of Civil Procedure states that a "motion to alter or
27  amend a judgment must be filed no later than 28 days after the entry of the judgment."
    Fed. R. Civ. P. 59(e).

28

erroneous or manifestly unjust, and Plaintiff proffers no new evidence or intervening change in law. The fact that Plaintiff disagrees with the Court's decision does not entitle him to relief, especially where, as here, he fails to present any valid basis for reconsideration. Further, as the Court previously noted (ECF No. 17 at 2), a district court has the power to dismiss a complaint when a plaintiff fails to comply with Federal Rules of Civil Procedure 8(a) and 8(e). *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996); *Nevijel v. North Coast Life. Ins. Co.*, 651 F.2d 671,673 (9th Cir. 1981). And as the Court also stated in the screening orders it issued in this case, in order to state a claim against a named defendant, a complaint must include allegations of specific facts about that defendant. General, conclusory, and vague allegations are insufficient. (ECF No. 17 at 5-6.) Plaintiff failed to abide by Rule 8 by including only general and conclusory allegations in his amended complaint and failing to allege specific facts against specific Defendants. The Court's dismissal order was correct. In simply arguing the Court should not have dismissed his amended complaint, Gibson has not provided the Court with a meritorious reason to alter its prior judgment.

Plaintiff also requests another opportunity to amend his complaint with the assistance of appointed counsel given his "exceptional circumstance" and lack of legal knowledge. (ECF No. 20 at 5.) But the Court already gave Plaintiff an opportunity to amend his complaint and Plaintiff failed to abide by the Court's explicit instructions. (ECF No. 10.) As granting Plaintiff further leave to amend appears futile, the Court will not entertain Plaintiff's most recent request.[5] As the Court noted in its second screening order, Plaintiff's amended complaint failed to address the Court's prior ruling, and the other instructions provided in its first screening order. Rather, the amended complaint again included fanciful, collective, and conclusory allegations, and did not distinguish which

---

[5]The Court explicitly informed Plaintiff that his amended complaint "must comply with the requirements of Rule 8 [and] failure to do so may result in the dismissal of this action with prejudice." (ECF No. 10 at 5.)

1    cause of action was being brought against which of the 31 defendants. (ECF No. 17 at 4-

2    5.) This further weighs against granting Plaintiff leave to amend again.

3            Finally, to the extent Plaintiff is requesting appointment of counsel to amend his

4    complaint, the Court denies his request. (ECF No. 20 at 5.) There is no constitutional right

5    to appointed counsel in a § 1983 action. *See e.g.*, *Rand v. Rowland*, 113 F.3d 1520, 1525

6    (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998)

7    (en banc). The pertinent provision in 28 U.S.C. § 1915(e)(1), however, gives a district

8    court discretion to request that an attorney represent an indigent civil litigant. *See* 28

9    U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable

10   to afford counsel."); *see also, e.g.*, *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.

11   1986). While the decision to request counsel lies within the discretion of the district court,

12   a court may exercise its discretion to request counsel only under "exceptional

13   circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of

14   exceptional circumstances requires an evaluation of both the likelihood of success on the

15   merits and [the plaintiff's ability to] articulate his claims *pro se* in light of the complexity of

16   the legal issues involved." *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotation

17   marks omitted). Exceptional circumstances do not exist here because Plaintiff has not

18   demonstrated a likelihood of success on the merits—the Court dismissed both his

19   complaint and amended complaint, and refers to its prior screening orders for explanation

20   of Plaintiff's repeated failure to state a claim. (ECF Nos. 10, 17.) Moreover, appointment

21   of counsel is not warranted here because the Court is required to dismiss delusional or

22   fantastical claims under Section 1915(a), and the Court has twice found Plaintiff's claims

23   delusional or fantastical. (*Id.*) *See also Neitzke v. Williams*, 490 U.S. 319, 327-28

24   (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

25           In short, both Plaintiff's motion to alter or amend judgment, and his request to

26   amend his complaint with assistance of counsel contained therein, are denied.

27   ///

28

**IV.   CONCLUSION**

It is therefore ordered that Plaintiff Craig Otis Gibson's motion to alter or amend judgment (ECF No. 20) is denied. The Court again instructs Gibson to refrain from filing any additional documents in this matter.

It is further ordered the Court will summarily deny any other motions filed in this closed case.

DATED THIS 7th Day of December 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

6